UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CATHERINE D. GONZALES,  )<br>      Plaintiff,  )<br>                        )<br>    v.                   )<br>                        )<br>CHARLES L. RAMEY III and  )<br>HALVOR LINES, INC.,  )<br>      Defendants.  ) | CAUSE NO.: 2:25-CV-159-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants Charles L. Ramey and Halvor Lines Inc.'s Motion for Combined Partial Motion to Dismiss and Partial Motion for Judgment on the Pleadings [DE 16] filed on June 6, 2025.

**I.     Background**

On February 21, 2025, Plaintiff filed her complaint against Defendants in state court; Defendants removed the case to this Court on April 7, 2025. Plaintiff amended her complaint on May 28, 2025, to include a claim for punitive damages, alleging that the Defendants' negligence was willful and wanton misconduct. Plaintiff alleges that Defendant Ramey was driving a commercial vehicle while employed by Defendant Halvor Lines and was involved in a collision with Plaintiff on August 19, 2023. She alleges that Ramey operated the vehicle negligently and that Halvor Lines was negligent in its hiring, training, testing and otherwise supervising Ramey. Defendants move to dismiss Plaintiff's claim for punitive damages and move for judgment on the pleadings on Plaintiff's claim of owner liability against Halvor Lines. Plaintiff filed her response on June 27, 2025, and Defendants filed their reply on July 7, 2025.

The parties have consented to have this case assigned to a United States Magistrate Judge

1

to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**III.    Analysis**

Defendants argue that Plaintiff alleges only "garden variety" negligence when she seeks punitive damages and that her allegations are insufficient to state a claim and should therefore be dismissed. In their motion for judgment on the pleadings, Defendants argue that because Defendant Ramey was acting within the scope of his employment, there is no independent cause of action against Defendant Halvor Lines for owner's liability.

**A. Punitive Damages Claim**

Defendants admit that, as Plaintiff alleges, Ramey negligently struck Plaintiff's vehicle while they were both driving eastbound on Interstate 90 near Gary, Indiana. Plaintiff also alleges that "the negligence of Defendants Charles Ramey and Halvor Lines, Inc. amounted to willful and wanton misconduct . . . with an awareness of such impending danger and with heedless indifference of the consequences, thereby warranting an award of punitive damages." Compl. ¶ 16 [DE 14]. Defendant argues that, in order to state a claim for an award of punitive damages, there must be something more than mere negligence: there must be some allegations of a state of mind equal to malice, gross negligence, or an awareness of impending danger and heedless indifference. They assert that Plaintiff has failed to allege any facts of conduct that amounts to more than negligence so the claim should be dismissed. Plaintiff argues that Defendants' admission that Ramey was negligent is sufficient to preserve the issue of punitive damages for the jury, and that her allegations that she saw Ramey striking other vehicles behind her is sufficient to create an inference of willful and wanton misconduct.

Indiana law does not recognize a lack of skill in driving a commercial vehicle, a conscious decision to divert attention from the road, or a violation of Indiana traffic statutes as supporting a

4

claim for punitive damages. *See Wanke v. Lynn's Transp. Co.*, 836 F. Suppl 578, 604 (N.D. Ind.1993) (entering a curve at 60 miles per hour in a 35 mile per hour zone was not sufficient to award punitive damages); *Austin v. Disney Tire Co., Inc.*, 815 F. Supp. 285, 290 (S.D. Ind. 1993) (lack of driver skill insufficient to impose punitive damages); *Westray v. Wright*, 834 N.E. 2d 173, 181 (Ind. Ct. App. 2005) (clearly negligent decision to look away from the road for five to ten seconds insufficient to mandate punitive damages).,On the other hand, an allegation that a defendant failed to stop after an accident coupled with the allegations of negligent driving "plausibly supports an inference of wanton and willful misconduct necessary to seek an award of punitive damages." *LeBlanc v. Singh*, No. 1:24-cv-00838-SEB-MKK, 2025 LX 113301 at *9 (S.D. Ind. Mar. 10, 2025). There are no such additional allegations in this case. The specific factual allegations are that "Plaintiff noticed the Defendant Ramey in her rearview mirror striking other vehicles in traffic. In an attempt to avoid the collision, the Plaintiff moved to the center lane but was unable to get out of the Defendant Ramey's path, resulting in a collision between the two vehicles." [DE 14] at ¶ 9. The remaining allegations are either directed to Halvor Lines or are conclusory allegations about the meaning of those facts. Plaintiff has not pleaded sufficient facts to create an inference that Ramey was acting with gross negligence, malice, or an awareness of impending danger and a heedless indifference to it, and therefore has not shown that an award of punitive damages would be appropriate.

### B. Owner's Liability Claim

Defendants also argue that, if the punitive damages claim is dismissed, there are no special circumstances which would permit Plaintiff to raise an independent cause of action against Halvor Lines for owner's liability. Plaintiff argues that if punitive damages are sought, there is an

independent cause of action for owner's liability.

Because the Court is granting the motion to dismiss the punitive damages claim, judgment on the pleadings will also be entered on the independent cause of action against Halvor.

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants Charles L. Ramey and Halvor Lines Inc.'s Motion for Combined Partial Motion to Dismiss and Partial Motion for Judgment on the Pleadings [DE 16], **ORDERS** that Plaintiff's request for punitive damages is **DISMISSED without prejudice** and **ENTERS** judgment against Plaintiff and in favor of Defendant Halvor Lines, Inc. on her cause of action for owner's liability as currently plead. Plaintiff's claims for negligence and *respondeat superior* remain pending.

SO ORDERED this 18th day of September, 2025.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record